[Cite as *Wells Fargo Fin. Ohio 1, Inc. v. Doe(s)*, 2018-Ohio-1472.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Wells Fargo Financial Ohio 1, Inc.,        :

      Plaintiff-Appellant,        :

                               No. 17AP-727

v.        :        (C.P.C. No. 17CV-4841)

John Doe(s), names unknown et al.,        :        (REGULAR CALENDAR)

      Defendants-Appellees.        :

D E C I S I O N

Rendered on April 17, 2018

**On brief:** *Manley Deas Kochalski LLC*, and *Kyle E. Timken*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Wells Fargo Financial Ohio 1, Inc. ("Wells Fargo"), appeals from a judgment of the Franklin County Court of Common Pleas granting in part and denying in part its motion for default judgment. For the following reasons, we affirm in part and reverse in part.

## I. Facts and Procedural History

{¶ 2} Wells Fargo filed a complaint in the court of common pleas on May 26, 2017, naming Nancy J. Whittington, the Franklin County Treasurer, and various unknown parties as defendants. The complaint asserted that Whittington executed a promissory note ("the Note") and mortgage ("the Mortgage"), copies of which were attached to the complaint. Under the Note, which was entered on June 25, 2007, Whittington promised to pay $82,266.22, plus interest, to Wells Fargo. Under the Mortgage, which was entered

on June 25, 2007, Whittington granted a mortgage to Wells Fargo on property located at 376 Woodlawn Avenue, Columbus, Ohio, to secure payment of the Note. The Mortgage was recorded on July 2, 2007. The complaint asserted the Note and Mortgage were in default. The complaint further asserted Whittington was deceased and the identity of any executor, administrator, or personal representative of her estate, and any spouse or heirs, devisees, legatees, or beneficiaries and their spouses were unknown and could not be discovered by reasonable diligence. The complaint requested a finding of default on the Note and foreclosure of the Mortgage, and an order directing sale of the property secured by the Mortgage. Wells Fargo subsequently moved to add Kellie Mann and her unknown spouse, if any, as defendants, asserting that Mann was a possible heir to Whittington.

{¶ 3} On August 23, 2017, Wells Fargo moved for default judgment on the complaint, asserting that neither Mann, who was served by process server, nor any of the unknown defendants, who were served by publication, had filed an answer or otherwise defended in the action. No response to the motion for default judgment was filed. On September 11, 2017, the trial court issued a decision and entry granting in part and denying in part the motion for default judgment. The trial court granted Wells Fargo's claim for a finding of default on the Note, but denied its claim for a finding that the Mortgage was a valid and subsisting first lien on the property and for foreclosure of the Mortgage.

## II. Assignment of Error

{¶ 4} Wells Fargo appeals and assigns the following sole assignment of error for our review:

> The Trial Court erred as a matter of law by denying judgment and holding that plaintiff-appellant Wells Fargo Financial Ohio 1, Inc.'s Mortgage was unenforceable.

## III. Discussion

{¶ 5} Under Civ.R. 55(A), when a party against whom a judgment is sought fails to plead or otherwise defend as provided in the rules, the opposing party may apply to the court for a default judgment in its favor. We review a trial court's grant or denial of a motion for default judgment for abuse of discretion. *Bank of Am., N.A. v. Malone*, 10th Dist. No. 11AP-860, 2012-Ohio-3585, ¶ 18. An abuse of discretion occurs when a trial court's decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 6}   The trial court granted Wells Fargo's motion for default judgment on the first claim of the complaint, alleging default on the Note, based on its finding that defendants failed to answer or otherwise appear to defend against the complaint.  With respect to the second claim, which sought foreclosure of the Mortgage, the trial court noted the acknowledgment clause of the Mortgage failed to set forth Whittington's name. The acknowledgment clause, which was signed by a notary public, stated "On this <u>25th</u> day of <u>June 2007</u>, _____, Mortgagor(s) in the foregoing mortgage personally appeared before me, a Notary Public in and for said County and acknowledged the execution of the foregoing instrument to be their voluntary act and deed for the uses and purposes therein expressed." (Emphasis sic.)  (Mortgage at 11.)  Whittington's name was not written or typed on the blank line contained in the acknowledgment clause. Further, the trial court noted that "Mortgagor" was not a defined term in the Mortgage. Instead, the Mortgage referred to Whittington as "Borrower." Based on this flaw in the acknowledgment clause, the trial court concluded that the Mortgage was defectively executed and was not a valid lien against the property, and denied Wells Fargo's motion for default judgment as to the claim for foreclosure of the Mortgage.

{¶ 7}   Wells Fargo argues on appeal the defect in the acknowledgment clause of the Mortgage was cured by operation of law, pursuant to R.C. 5301.07(C) and, therefore, it is entitled to foreclosure of the Mortgage.  R.C. 5301.07(C) provides:

> When a real property instrument is of record for more than four years from the date of recording of the instrument, and the record shows that there is a defect in the making, execution, or acknowledgement of the instrument, the instrument and the record thereof shall be cured of the defect and be effective in all respects as if the instrument had been legally made, executed, acknowledged, and recorded. The defects may include but are not limited to the following:
>
> * * *
>
> (3) The certificate of acknowledgment is defective in any respect.

The current version of R.C. 5301.07(C) is the result of a recent amendment, which became effective April 6, 2017, *see* 2016 Am.Sub.S.B. No. 257.  Prior to this amendment, an instrument conveying an interest in real estate that had a defective acknowledgment clause

would be cured by operation of law after it had been of record for more than 21 years. Former R.C. 5301.07(C).

{¶ 8} The Mortgage was recorded on July 2, 2007. Wells Fargo's complaint in the present case was filed nearly ten years later, on May 26, 2017. The trial court's decision on the motion for default judgment was rendered September 11, 2017. Thus, based on the record before us, it appears the amended version of R.C. 5301.07(C) may apply to the analysis of whether the defect in the acknowledgment clause of the Mortgage was cured by operation of law.[1]

{¶ 9} Due to the procedural posture of this appeal, however, it is unclear whether the trial court considered the effect of the recently amended statute. Wells Fargo moved for default judgment based on defendants' failure to answer or otherwise defend, but did not make any substantive legal arguments regarding the merits of its claims. The trial court sua sponte determined that the Mortgage did not constitute a valid and subsisting first lien on the property because the acknowledgment clause was defective, and denied Wells Fargo's motion for default judgment on its claim for foreclosure of the Mortgage on that basis. Wells Fargo asserted the defect would have been cured by operation of R.C. 5301.07(C) in a motion to reconsider the denial of default judgment, but the trial court did not act on that motion and Wells Fargo filed the present appeal. As it is unclear whether the trial court considered the effect of the recent amendment to R.C. 5301.07(C) on its conclusion that the Mortgage was not a valid first lien on the property due to the defective acknowledgment clause, we decline to do so in the first instance here. Rather, we find it appropriate to remand to the trial court for consideration of that issue.

{¶ 10} Accordingly, we sustain Wells Fargo's sole assignment of error.

IV. Conclusion

{¶ 11} For the foregoing reasons, we sustain Wells Fargo's sole assignment of error. We affirm in part the judgment of the Franklin County Court of Common Pleas to the extent

---

[1] We note the amended version of R.C. 5301.07 provides it "shall be given retroactive effect to the fullest extent permitted under Section 28 of Article II, Ohio Constitution" but "shall not be given retroactive effect if to do so would affect any accrued substantive right or vested rights in any person or in any real property instrument." R.C. 5301.07(G). In the proceedings before the trial court, Wells Fargo presented a death certificate indicating Whittington died on November 28, 2016. We reach no conclusion in the first instance as to whether the retroactivity provisions in R.C. 5301.07(G) bar application of the amended version of R.C. 5301.07(C) to the Mortgage as a result of any rights that may have vested in Whittington's heirs, devisees, or other beneficiaries at the time of or following her death.

it grants default judgment on Wells Fargo's first claim, and we reverse in part the judgment to the extent it denies default judgment on Wells Fargo's second claim. We remand this matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part*
*and reversed in part;*
*cause remanded.*

**LUPER SCHUSTER and HORTON, JJ., concur.**